UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY D. HARDMAN, | |
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-439-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jerry D. Hardman, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-10-750) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of threatening in violation of Indiana Department of Correction Offenses 213. He was sanctioned with a loss of sixty days earned credit time and a demotion in credit class.

Mr. Hardman argues that he is entitled to habeas relief because the hearing officer didn't have sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines the offense of threatening as "communicating to another person an intent to physically harm, harass or intimidate that person or

someone else."[1] The administrative record includes a conduct report, investigative report, and a witness statement describing a recorded telephone call in which Mr. Hardman made statements to his sister about a third party woman. According to those reports, Mr. Hardman said that he would send someone to her house, that he would vandalize and disable her vehicle, and that he would physically harm her upon his release. These documents constitute some evidence that Mr. Hardman committed the offense of threatening. The claim that the hearing officer didn't have sufficient evidence is not a basis for habeas relief.

    Mr. Hardman argues that he is entitled to habeas relief because he requested his sister as a witness. He contends that she would have told the hearing officer that he didn't make threatening statements. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. At screening, Mr. Hardman also asked to listen to the recording of the telephone call with his sister. Correctional staff provided a witness statement detailing the threatening language used during that telephone call, but they

---

[1] The relevant departmental policy is available at http://www.lb7.uscourts.gov/IDOC%20Adult%20Disciplinary%20Process%20Appendix%20I%20-%20Offenses%206-4-2018.pdf.

reasonably denied the request for his sister as a witness finding that her testimony was redundant due to the recording of the telephone call.

Mr. Hardman says the writing on the screening report, which says, "10/8 phone call," was a request for a recording of the telephone call between him and the third party on that day. Upon review of the screening report, it's unclear that this writing constitutes a separate request, and there's no indication that it refers to a telephone call involving the third party. Even if correctional staff were able to parse this writing as a request, a telephone call between Mr. Hardman and the third party would have been irrelevant given that the conduct report didn't accuse him of threatening the third party directly. Therefore, the claim that Mr. Hardman wasn't allowed to present evidence is not a basis for habeas relief.

Mr. Hardman argues that he is entitled to habeas relief due to the conditions of his confinement in the restrictive housing unit. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). Because Mr. Hardman's concerns about the conditions in restrictive housing don't relate to the fact or duration of his sentence, this claim isn't a basis for habeas relief.

Mr. Hardman hasn't demonstrated that he is entitled to habeas relief, and the habeas petition is denied. Mr. Hardman doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in

forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jerry D. Hardman leave to proceed in forma pauperis on appeal.

SO ORDERED on March 22, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT
